UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Yuhao Jin,

               PLAINTIFF,

          -against-                   Case No.: 26-CV-5966
                                     Complaint with Jury Demand

Easymay Inc., and Yining Cui

               Defendants.
-------------------------------------------------------------X

      Plaintiff Yuhao Jin ("Plaintiff"), by and through undersigned counsel, brings this Complaint against Defendants Easymay Inc. ("Easymay" or "Company"), and alleges as follows:

## INTRODUCTION

1.   This is a civil action brought by Plaintiff Yuhao Jin for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and the New York Labor Law ("NYLL"), arising from Defendants' various willful and unlawful employment practices.

2.   Plaintiff alleges pursuant to the FLSA, that Plaintiff is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages, (3) prejudgment and post-judgment interest, (4) front pay, (5) back pay, and (6) attorneys' fees and costs.

3.   Plaintiff also brings claims for breach of contract and/or NYLL violations for unpaid sales commissions, failure to pay the legally required H-1B prevailing wage, and constructive discharge (retaliation) caused by Defendants' continuous and willful refusal to pay earned wages. Plaintiff further alleges pursuant to the New York Labor Law ("NYLL"), including N.Y. Lab. Law §§ 191, 193, 195, 198, 215, 216, and 661, that Plaintiff is entitled to recover from Defendants: (1) unpaid overtime compensation;

(2) unpaid wages and commissions; (3) damages for failure to pay wages at the required frequency; (4) statutory damages for failure to provide legally compliant wage notices and accurate wage statements; (5) damages for retaliation/constructive discharge; (6) liquidated damages; (7) pre-judgment and post-judgment interest; and (8) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's NYLL and state-law claims pursuant to 28 U.S.C. § 1367 because they arise from the same nucleus of operative facts.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Defendants' principal place of business is located in this District, Plaintiff performed work in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

7. This Court has personal jurisdiction over Defendants because Defendants conducts business in New York and employs workers in New York.

## PARTIES

8. Plaintiff Yuhao Jin is an individual currently residing in China.

9. Defendant Easymay Inc. is a corporate entity with a principal place of business located at 140 Broadway, New York, NY 10005.

10. Defendant Yining Cui is the CEO and founder of Defendants Easymay Inc.

11. Defendant Yining Cui hired Plaintiff, set his compensation, and working schedule.

12. Defendants are Plaintiff's employer within the meaning of the FLSA and NYLL.

13. Defendants controlled Plaintiff's wages, hours, working conditions, and assignments.

**FACTUAL ALLEGATIONS**

14. Plaintiff was employed by Defendants from approximately June 2016 through March 2026.

15. Though classified nominally as a "Partner," Plaintiff was in reality an employee whose duties consisted of comprehensive front-end sales, marketing, customer service, and operational tasks.

16. Plaintiff did not have true equity control or independent high-level discretionary authority over the enterprise that would qualify for an exemption.

17. Throughout the employment period, Plaintiff's actual job duties were non-exempt, clerical, and operational in nature, which included the following categories of work:

a. Front-End Sales & Consultation: Conducting initial client sales consultations, executing contracts as an advisor, supervising and summarizing weekly sales performance of other staff, and managing sales data;

b. Channel & Marketing Management: Drafting and organizing promotional content across over twenty (20) student organizations, negotiating quarterly partnerships, and maintaining relations with campus agents;

c. Content Creation & Digital Marketing: Supervising social media platforms (including WeChat and Xiaohongshu), compiling over 1,000 case studies, producing promotional manuals, and coordinating with the IT department for SEO/SEM and website updates;

d. Customer Service & Retention: Managing daily customer service operations, tracking client satisfaction databases, following up with existing clients, and identifying potential leads; and

e.  Operational & Administrative Support: Auditing service progress reported by backend teams, coordinating with graphic designers for marketing materials, and performing preliminary HR screenings and first-round interviews.  In performing these extensive duties, Plaintiff did not exercise independent discretion or judgment on matters of significance, and remained under the operational control and daily supervision of Defendants.

18.  Plaintiff was promised commissions equal to 5% of the gross sales in the year 2022.

19.  Since 2023 Plaintiff's commissions were changed to piece rate varies from $200-$1000 per customer engaged/paid.

20.  However, Defendants failed to provide Plaintiff with a written employment agreement or commission pay plan signed by both parties, in direct violation of New York Labor Law § 191(1)(c).

21.  However, Defendants frequently engaged in debt and payment disputes, willfully withholding Plaintiff's earned sales commissions.

22.  Plaintiff was paid a flat salary of approximately $3,000 per month.

23.  On or about September 5, 2023, Defendants promised an H-1B prevailing wage of $32.70 per hour for Plaintiff.

24.  Despite this legally binding commitment, Defendants continued to pay Plaintiff only $3,000 per month.

25.  Plaintiff's scheduled work hours were 9:30 a.m. to 6:00 p.m. with a one-hour lunch break, totaling 7.5 hours per day for five days per week.

26.  In addition to his scheduled work hours, Plaintiff was regularly expected to remain available to monitor work communications and respond to work-related messages outside of his scheduled shifts.

27. Plaintiff regularly performed work during evenings, weekends, and outside his scheduled work hours by responding to customer inquiries, communicating with customers and coworkers, addressing ongoing work issues, and completing additional work assignments required by Defendants.

28. Although Plaintiff was not required to remain at the workplace after his scheduled shift, Defendants expected him to monitor work communications outside of working hours and to respond to customer and work-related messages within a reasonable time. When Plaintiff did not respond for an extended period, Defendants would contact him by text message or call to direct Plaintiff to respond regardless of Plaintiff's schedule.

29. Throughout Plaintiff's employment, Defendants failed to pay Plaintiff any lawful overtime compensation for hours worked in excess of forty (40) hours per week.

30. As an illustrative and non-exhaustive random sample, Plaintiff regularly worked in excess of forty (40) hours per week during the following periods, without receiving any overtime premium compensation:

| Workweek | Approximate Hours Worked |
|---|---|
| 12/26/2021 – 01/01/2022 | 79 |
| 10/02/2022 – 10/08/2022 | 69.4 |
| 11/26/2023 – 12/02/2023 | 68 |
| 04/14/2024 – 04/20/2024 | 71.1 |
| 01/19/2025 – 01/25/2025 | 64 |

31. Defendants knew or had reason to know Plaintiff was working the hours because the work was assigned, performed for Defendants' benefit, reviewed or used by Defendants, and/or performed in response to Defendants' demands.

32. Defendants also systematically failed to pay Plaintiff earned sales commissions, despite Plaintiff fulfilling all requirements to earn said commissions.

33. As a direct result of Defendants' continuous and willful failure to pay Plaintiff's earned regular wages, H-1B promised wages, overtime, and sales commissions, Plaintiff's working conditions became intolerable.

34. Defendants' financial withholding constituted a constructive discharge.

35. Plaintiff was forced to end employment in March 2026.

36. This constructive discharge serves as an adverse employment action under the FLSA and NYLL retaliation frameworks, as Defendants used the withholding of wages to penalize Plaintiff and force Plaintiff out. During Plaintiff's employment, Defendants failed to provide Plaintiff with a legally compliant written wage notice at the time of hire.

37. Throughout Plaintiff's employment, Defendants required Plaintiff to work, or be available to work, a "spread of hours" exceeding ten (10) hours in a single workday (inclusive of intermissions and regular shift hours).

38. Defendants failed to pay Plaintiff the additional one hour of compensation at the statutory minimum wage rate for each such workday, as required by the NYLL and applicable Wage Orders.

39. Throughout Plaintiff's employment, Defendants compensated Plaintiff on a monthly basis. As a non-exempt operational and clerical employee, Plaintiff was required to be paid at least semi-monthly (bi-weekly). Defendants' practice of monthly payments directly violated the strict pay frequency requirements of NYLL.

40. Defendants failed to provide Plaintiff with accurate, written wage statements with each payment of wages as required by NYLL § 195(3).

41. Throughout Plaintiff's employment, Defendants paid Plaintiff on an unlawful monthly basis, violating the requirement to pay at least semi-monthly.

42. From April 2024, Plaintiff was required to advance payment for Defendants including marketing expenses, travel expenses, business service/software subscription, postages, printing, etc.

43. Defendants never reimbursed Plaintiff for such expenses for a total amount of at least $5,569.48.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### FLSA Overtime Violation

44. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations.

45. Plaintiff was a non-exempt employee entitled to overtime compensation.

46. Defendants failed to pay Plaintiff overtime compensation at not less than one and one-half times the regular rate for hours worked in excess of forty (40) in a workweek.

## SECOND CAUSE OF ACTION

### New York Labor Law Overtime Violation

47. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations.

48. Defendants failed to pay Plaintiff overtime compensation at one and one-half times the regular rate for hours worked in excess of forty (40) in a workweek in violation of the NYLL.

## THIRD CAUSE OF ACTION

### Unpaid Wages

49. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations.

50. Defendants owed Plaintiff unpaid wages, including the difference between the $3,000 monthly salary paid and the legally promised H-1B wage of $32.70 per hour.

51. Defendants' failure to pay all wages due violates the NYLL.

## FOURTH CAUSE OF ACTION

Unpaid Commissions (NYLL Article 6 & Breach of Contract)

52. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations.

53. Plaintiff earned sales commissions based on client sign-ups and revenue generated for Defendants.

54. Defendants willfully withheld these earned commissions in violation of NYLL § 191 and § 193, and in breach of the employment agreement.

## FIFTH CAUSE OF ACTION

FLSA & NYLL Retaliation (Constructive Discharge)

55. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations.

56. Defendants' willful and continuous refusal to pay Plaintiff's legally owed wages, promised H-1B wages, and earned commissions created intolerable working conditions.

57. This systematic financial deprivation was designed to, and did, force Plaintiff to resign in February 2026, constituting a constructive discharge. This adverse action violates the anti-retaliation provisions of the FLSA and NYLL.

## SIXTH CAUSE OF ACTION

Violation of NYLL § 191 (Timely Payment / Pay Frequency)

58. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations.

59. Defendants systematically paid Plaintiff on an unlawful monthly basis, rather than the legally required semi-monthly basis, depriving Plaintiff of the time-value of money.

## SEVENTH CAUSE OF ACTION

Failure to Provide Time-of-Hire Wage Notice

60. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations.

61. Defendants failed to provide Plaintiff with a written wage notice at the time of hire in violation of NYLL § 195(1).

## EIGHTH CAUSE OF ACTION

Failure to Provide Accurate Wage Statements

62. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations.

63. Defendants failed to provide Plaintiff with accurate, written wage statements with each payment of wages in violation of NYLL § 195(3).

## NINTH CAUSE OF ACTION

Violation of NYLL Spread of Hours Requirements

64. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations.

65. Under the NYLL and the applicable New York State Department of Labor Wage Orders, an employee whose spread of hours (the interval between the beginning and end of the workday) exceeds ten (10) hours is entitled to receive an additional one hour's pay at the basic minimum wage rate for each such day.

66. On numerous workweeks during Plaintiff's employment, Plaintiff's spread of hours exceeded ten (10) hours in a single day due to mandatory early morning preparation, late-night client communications, and constant on-call status.

67. Defendants willfully failed to pay Plaintiff the required spread-of-hours premium for those days, violating the NYLL and its supporting wage regulations, rendering Defendants liable for unpaid wages, liquidated damages, and attorneys' fees.

## TENTH CAUSE OF ACTION

Failure to Reimburse Necessary Business Expenses

68. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

69. During the relevant period of employment, Defendants required Plaintiff, as a condition of his employment, to purchase and maintain specific tools and equipment ("Tools of the Trade") necessary to perform the duties of his position.

70. These expenses were primarily for the benefit of the employer, Defendants, rather than for the personal benefit of Plaintiff.

71. Defendants failed and refused to reimburse Plaintiff for these necessary business expenses.

72. The cost of these "Tools of the Trade" directly reduced Plaintiff's net compensation. When these unreimbursed expenses are deducted from Plaintiff's wages, Plaintiff's effective hourly rate of pay fell below the applicable federal and/or state minimum wage requirements.

73. Defendants' failure to reimburse these expenses constitutes a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the New York Labor Law, § 190 et seq.

74. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer financial damages, including the loss of wages to which he is legally entitled.

75. Plaintiff is therefore entitled to recover the full amount of these unreimbursed expenses, together with interest, liquidated damages, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants for:

A. Unpaid overtime compensation under the FLSA and NYLL;

B. Unpaid regular wages, including the H-1B wage deficit, Unpaid spread-of-hours compensation, and unreimbursed tools of trade;

C. Unpaid sales commissions;

D. Liquidated damages and interest resulting from Defendants' willful failure to pay wages, overtime, commissions, and Defendants' failure to pay Plaintiff's wages at the legally mandated frequency pursuant to NYLL § § 191 and 198;

E. Damages for constructive discharge / retaliation, including back pay and front pay;

F. Statutory damages of $5,000.00 for failure to provide a time-of-hire wage notice, and $5,000.00 for failure to provide accurate wage statements;

G. Pre-judgment and post-judgment interest;

H. Reasonable attorneys' fees and costs; and

I. Such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: July 15, 2026

/s/ Shan Zhu
38-08 Union Street, 9A
Flushing, NY 11354
szhu@szhulaw.com
347-470-7008
Attorney for Plaintiff